UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL SHENEMAN | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:14-CV-2086 JM |
| vs. | ) |  |
|  | ) |  |
| BARBARA BROOK, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Michael Sheneman, a *pro se* prisoner, signed and filed an amended complaint in this case. He also signed Jeremie Sheneman's name to the amended complaint and attached a power of attorney purportedly giving him the right to do so. Though it is unclear whether it is Jeremie's intention to join this lawsuit as a co-plaintiff, it is clear that Jeremie is pursuing nearly identical claims against these same defendants in a separate lawsuit. *See Sheneman v. United States of America*, 3:15-CV-7 (N.D. Ind. filed January 8, 2015). Because it is unnecessary for Jeremie to be a plaintiff in this lawsuit in order to pursue those claims and because it would be malicious for Jeremie to sue the same defendants for the same events in two separate lawsuits, Jeremie will not be added as a plaintiff to this lawsuit based solely on Michael's assertion that Jeremie should be included as a co-plaintiff in this case.

In screening the original complaint in this case, the court found that Michael had not stated a claim against Assistant United States Attorney Barbara Brook, Assistant United States Attorney Jesse Barrett, United States Attorney David Capp, FBI Special

Agent Tim Theriault, or the United States of America based on the Federal Tort Claims Act, 42 U.S.C. § 1983, 42 U.S.C. § 1985, or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 394 (1971).[1] (DE # 12.) Nevertheless, pursuant to *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), he was permitted the opportunity to file an amended complaint.

In this amended complaint, he repeats his claims based on the Federal Tort Claims Act, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. He makes no mention of *Bivens*. More importantly, the factual basis provided in the amended complaint has not meaningfully changed and it does not state a claim. As previously explained, "the United States is the proper and exclusive defendant for his claims under the FTCA." *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 n.2 (5th Cir. 2013). *See also Hui v. Castaneda*, 559 U.S. 799, 801-02 (2010). Therefore Michael does not state a claim against any of the four individual defendants based on the Federal Tort Claims Act. Moreover, he does not state a claim against the United States because his allegations that the individual defendants gathered truthful evidence by interviewing witnesses and conducting a handwriting analysis prior to trial were not tortious acts from which liability can arise. Thereafter the selection of evidence, exhibits, and testimony for use in his criminal trial and the decisions about what and when to disclose the gathered evidence against him was a discretionary function to which the FTCA does not apply.

---

[1] The court's prior order incorrectly referred to 42 U.S.C. § 1983 as 28 U.S.C. § 1983. It also incorrectly referred to 42 U.S.C. § 1985 as 28 U.S.C. § 1985. Despite the citation errors, the court's explanations of why Michael had not stated a claim based on those statutes was an accurate statement of the law.

*See* 28 U.S.C. § 2680(a) and *Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) ("Deciding whether to prosecute, assessing a witness's credibility to ensure that he is giving an accurate and complete account of what he knows, identifying the evidence to submit to the grand jury and determining whether information is 'exculpatory' and 'material' and therefore must be disclosed pursuant to a *Brady* request are actions that require the prosecutor to exercise his professional judgment. They are therefore quintessentially discretionary."). Thus, Michael does not state a claim based on the Federal Tort Claims Act.

His claims based on 42 U.S.C. § 1983 and § 1985 fair no better. Section 1983 only applies to persons acting under color of state law. The defendants here are federal officers and so § 1983 is not a basis for a cause of action in this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (quotation marks and citations omitted). Section 1985 "prohibits a conspiracy . . . motivated by racial, or other class-based discriminatory animus." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Michael has not alleged that the defendants' actions were motivated by discriminatory animus of any type, therefore he does not state a claim under § 1985 either.

Moreover, even if the § 1983 claims were analyzed as *Bivens* claims, they would not state a claim. Michael alleges that defendants interviewed witnesses and obtained truthful information from those witnesses. He alleges that they conducted an analysis of his handwriting and determined that he had not signed documents using other

3

persons' names. Those activities do not constitute manufacturing false evidence and they did not violate his Fifth Amendment, Sixth Amendment, or any other constitutional rights. Though Michael alleges the evidence presented to the grand and petit juries was false and fraudulent, those are either prosecutorial acts subject to absolute prosecutorial immunity[2] or witness testimony subject to witness immunity.[3]

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

Date: July 10, 2015

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (quotation marks and citation omitted).

[3] Police officers, like other witnesses, are immune from suit based on their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 341-43 (1983).